UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DEVEN MOFFITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-248 |
| | ) |
| WILLIAM W. COBB and VERMONT | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ORDER**
**DISMISSING CASE FOR FAILURE TO PROSECUTE**

A review of the docket in this case reveals the following:

1. On October 12, 2021, the Magistrate Judge issued an Order denying self-represented Plaintiff Deven Moffitt's Application for Leave to Proceed *In Forma Pauperis* ("IFP"). The Magistrate Judge required that payment of the $5.00 filing fee or a renewed IFP Application accompanied by an affidavit be filed within thirty (30) days and warned that "[f]ailure to comply with this Order may result in dismissal of Moffitt's petition for writ of habeas corpus without prejudice." (Doc. 3 at 1.)

2. On December 21, 2021, because Plaintiff had neither paid the filing fee nor submitted a renewed IFP Application, the Court issued an Order requiring Plaintiff to show cause ("OSC"), on or before January 21, 2022, why this case should not be dismissed for lack of prosecution. Plaintiff was warned that a failure to file a response would result in the dismissal of the case. (Doc. 4 at 2.)

3. No further filings have been received as of the date of this Order.

The Federal Rules of Civil Procedure authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Where a defendant has not moved under Rule 41(b), a court may nevertheless dismiss a case *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Although Rule 41(b) does not define "failure to prosecute," the Second Circuit has held

that "[i]t can evidence itself . . . in an action lying dormant with no significant activity to move it[.]" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Here, Plaintiff has not responded to the December 21, 2021 OSC. In such circumstances, the court is entitled to treat the lack of response as a failure to prosecute. Because Plaintiff did not pay the required filing fee, file a renewed IFP Application, or respond to the OSC to explain why this case should not be dismissed, and because the case has been dormant for four months, this case is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 22nd day of February, 2022.

Christina Reiss, District Judge
United States District Court